UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MISC. CASE NO. 09-80135-MC-HURLEY/HOPKINS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Pending in the District of Columbia (Civil Case 99-02568, HHK/DAR) |
| Plaintiff, | |
| vs. | |
| GERALD H. LEVINE, AND MARIE A. LEVINE, | |
| Defendants. _____/ | |

**RECEIVER'S SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF MOTION TO COMPEL DISCOVERY IN RESPONSE TO REIZES
LAW FIRM CHARTERED'S MOTION TO QUASH SUBPOENA**

Court-appointed Receiver Daniel S. Newman, (the "Receiver") for WIRE TO WIRE, INC., THE DELAWARE ESCROW COMPANY, EURO ESCROW and PUBLIC HIGHWAY, INC. (collectively, the "Entities"), pursuant to this Court's Order of March 25, 2009 (D.E. 10), provides further factual and legal support for his Motion to Compel the Reizes Law Firm, Chartered ("Reizes") to produce subpoenaed documents, as follows:

**I.  THE RECEIVER IS ENTITLED TO DOCUMENTS IN REIZES'S POSSESSION THAT WERE CREATED DURING ITS WORK FOR THE ENTITIES.**

**A. The Receiver Stands in the Shoes of the Entities.**

**1.  The Appointing Court Put the Entities in the Receiver's Control.**

On December 19, 2007, the Securities and Exchange Commission filed an Emergency *Ex Parte* Motion seeking emergency relief to require Gerald and Mariel Levine (the "Levines"), to show cause why they should not be held in contempt for failure to pay disgorgement of $217,368.59 required under a June 6, 2007 Judgment against them for violation of the Federal

securities laws, and to show cause why they should not be held in contempt for violating the injunction by continuing to engage in conduct violating the federal securities law.  As a result, on January 17, 2008, the United States District Court for the District of Columbia (the "Appointing Court") entered an Order Appointing Receiver, and the Appointing Court appointed Daniel S. Newman, Esq., as Receiver for the Entities   (D.E. 7 at Ex. A).  The Appointing Court ordered the immediate freeze of Defendants' and the Entities' assets "in whatever form such assets may presently exist."  *Id.* at pp. 9-11.  The Appointing Court found that there was a "reasonable likelihood that the Defendants would harm the investing public by **continuing to violate the federal securities laws** if they are not enjoined." (*Id.* at 3) (emphasis added).  The Entities were placed in receivership to facilitate preventing such further violations.

The Appointing Court also found "good cause to believe that unless immediately restrained and enjoined by Order of this Court, the Defendants will continue to dissipate, conceal or transfer assets which are subject to Orders of this Court."  D.E. 7, Ex. A , at p. 3.  The Court ordered the immediate freeze of Defendants' and the Entities' assets "in whatever form such assets may presently exist."  *Id.* at pp. 9-11.

> The Court's Order further required that:
>
> [the Levines], their directors, officers, agents, escrow agents, trustees, servants, employees, attorneys, accountants, and those persons in active concert or participation with them . . . as well as any entities which the Defendants use, act through, operate, manage, control, or consult for, or have a professional, employment or other business, relationship with, are hereby **restrained and enjoined**, until such time as directed by this Court, from further violations of this Court's Order of Judgment (DE #225) filed on June 6, 2007, restraining and enjoining Defendants **from violating Section 10(b) of the Securities of the Securities Act of 1933, 15 U.S.C. § 77q(a)**, including, but not limited to, any and all activities in any way related, directly or indirectly, to the offer or sale, or in connection with the purchase or sale, of [certain securities].
>
> (D.E. 7 at Ex. A, p. 3) (emphasis added).

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400
MIA1\COMMLIT\405522.3

At the evidentiary hearing ordered by the Appointing Court, evidence was introduced establishing that the Levines, through the Entities, were engaging in the business of providing escrow services in violation of the law. Further, evidence was introduced establishing that they were engaging in conduct in violation of the federal securities laws in connection with acting as escrow agents for securities transactions overseas. In this regard, evidence was admitted that: (i) investors were provided misleading information about the stocks they were being solicited to purchase; (ii) those promoting the investments failed to advise the investors that Delaware Escrow operated without an escrow agent's license; (iii) that in connection with securities transactions, excessive commissions were charged, thus indicating the actual value of the stock was significantly less than represented; and (iv) investors were not told that the Levines were subject to an injunction for prior violations of the Federal securities laws.

> **2.    The Receiver Seeks Documents from Reizes in Furtherance of His Court-Appointed Duties, Which Require Him to Marshal and Report Upon Assets of the Entities "in whatever form," including all funds, documents, and business records.**

Pursuant to the Receivership Order, the Appointing Court directed the Receiver to, among other actions, take possession of all of the Entities' property and assets, investigate the manner in which the affairs of the Entities and the Defendants were conducted and take necessary actions for the benefit of the Entities and their investors. (D.E. 7, Ex. A, at pp.11-16). The Receiver sought documents from Reizes in furtherance of his court-appointed duties, and because it became clear that Reizes provided services in various capacities to the Entities, and that funds flowed through Reizes's accounts to and from the Entities. Indeed, checks reflecting

transfers of over two hundred thousand dollars were attached to the Receiver's motion. (D.E. 7 at Ex C, p. 6-7).[1]  Further, Reizes apparently held funds as "escrow agent" for the Entities.

Reizes, however, refused to acknowledge the extent of his holdings and participation in the Entities' affairs, despite an obligation to do so.  Before issuing a subpoena, the Receiver served Reizes with a copy of the Appointing Court's Order, and requested that in compliance with the order Reizes produce documents and information held on behalf of the Entities.  When presented with the Appointing Court's Order, Reizes **misrepresented** the scope of its role in connection with the Entities and the Levines.[2]  Reizes represented in a letter to the Receiver dated March 15, 2008, that it had served in a limited capacity in connection with a case involving Public Highway, Inc.[3]  Reizes omitted any reference to the Entity to whom it issued a check for over two hundred thousand dollars, or any other services it performed.  Upon discovery that Reizes's letter to the Receiver concerning the scope of work it performed for the Entities was

---

[1] Contrary to Reizes's assertion in his April 6, 2009 filing, the checks were not attached in violation of Federal Rule of Civil Procedure 5.2.  The first check, written on a Delaware Escrow Company account, can be disclosed because the Receiver has the authority to disclose such records; Reizes has no standing to challenge that decision. Further, the information pertaining to the account into which the check was deposited was **redacted.**  The second check, is a check that was provided by Reizes to the Delaware Escrow Company, and thus Reizes's claim is specious. *See* D.E. 7-4 at p. 6-7.

[2] As noted in the Receiver's Motion (D.E. 7 at 2-3), the Receiver served Reizes with the Order and received an incomplete, disingenuous response. *See also* D.E. 7 at Ex. B (Reizes letter confirming receipt of Appointing Court's Order by Fax).

[3] The Appointing Court's mandate did not permit Reizes to be evasive, as it stated:

> [the Levines], **and their agents, servants, employees, attorneys, and those persons in active concert or participation with any of them**, **who receive actual notice of this Order, by personal service or otherwise,** and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal whatsoever of any funds or other assets of Defendants presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, **including but not limited to funds or assets held by, in the name of, for the benefit of, in an account of, or under the control of, directly or indirectly, Gerald Levine, Marie Levine, Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and/or Public Highway, Inc.**

(D.E. 7 at Ex. A., p. 8-9) (emphasis added).

misleading, the Receiver served a subpoena upon Reizes. Similar to its response to the letter, Reizes withheld information in response to subpoena.[4]

Documents Reizes held in connection with its work for the Entities, or on behalf of any Entity principals in their corporate capacity, are necessary to investigating the Entities' assets, and are needed to fully complete the Receiver's duties. Reizes was employed by the Entities, and acted on their behalf. As noted above, the Appointing Court appointed the Receiver in furtherance of an injunction against the Levines, among other purposes. D.E. 7 Ex. A at 3.

In this case, it is undisputed that Reizes handled **substantial funds** on behalf of the Entities. Given the record before the Appointing Court, including materials provided in connection with the Receiver's motion in this Court, it is likely that some or all of those funds may have been derived from illegal "escrow" services (for which the Entities were not licensed), or in connection with securities transactions. Therefore, as detailed below, Reizes's objections seek improperly to hinder the Receiver's duties and should be rejected. Moreover, there is simply no legal basis for Reizes's failure to comply with the subpoena.

2.  **As a result of the Receivership Order, the Receiver owns the privileges held by the entities, and therefore is entitled to all documents in Reizes's possession, as owner of any purported privilege.[5]**

The Receiver stands in the shoes of the Entities for purposes of obtaining documents created on their behalf by attorneys and agents such as Reizes. It is undisputed that the Appointing Court placed the Entities' operations under the Receiver's control, and removed

---

[4] Reizes recently served an "Affirmation" (D.E. 11) purporting to "respond to" the subpoena, "without waiving its objection." Pursuant to this Court's Order (D.E. 10), the Receiver will timely respond via reply memorandum For present purposes, however, the Receiver notes that this purported "response" is both untimely and insufficient as a matter of law. *See, e.g.,* S.D. Fla. L.R. 26.1.G (dictating practice for asserting alleged privilege objections in this District).

[5] Reizes has not even provided information indicating that any of the documents it is withholding are privileged.

former management and principals, such as the Levines. Thus, because "the receiver is the actor most analogous to management," he succeeds to the Entities attorney-client and work product privileges. *See Secs. & Exch. Comm'n. v. Elfindepan, S.A.*, 169 F. Supp.2d 420, 431 (M.D.N.C. 2001).

As the Federal District Court held in *SEC v. Elfindepan*, a case involving an equitable receivership similar to the one created by the Appointing Court in this case, discovery of all relevant documents, even those held by the Entities' purported attorneys, is in furtherance of the Receiver's court-ordered duties. *See id.* Further, baseless obstruction such as Reizes's should be rejected because "without succession to the attorney-client privilege, the receiver would encounter difficulties in finding hidden assets and other potential schemes." *See id.*

In addition, even though former management may have made attorney-client communications or authored work, such communications are presumed under the law to have occurred while the individuals were acting in their corporate capacity and the individuals therefore are not beneficiaries of the privilege. *See Odomark v. Westside Bancorporation*, 636 F. Supp. 552, 556 (W.D. Wash. 1986). As a result, all "corporate" documents, that may have been created in the course of representing the Entities relate to the attorney-client relationship between the **Entities** and Reizes, and therefore Reizes cannot legitimately object to providing the Receiver with these documents. *Grassmueck v. Ogden Murphy Wallace PLLC*, 213 F.R.D. 567, 571-72 (W.D. Wash 2003).

"The attorney-client privilege belongs to the entity, and not to any individual employed by or in control of" the Entities, and therefore, the Receiver is entitled to possession of all documents allegedly covered by the privilege. *Commodity Futures Trading Comm'n. v. Standard Forex, Inc.*, 882 F. Supp. 40, 44 (E.D.N.Y. 1995). Indeed, as recognized in the

Appointing Court's Order, "[t]he Receiver may waive the attorney-client or other privilege held by Wire to Wire, Inc., The Delaware Escrow Company, Euro Escrow and Public Highway, Inc." (D.E. 7 at Ex. A, p. 16).  *See also United States v. Shapiro*, No. 06 CR 357 (KMW)(FM) (S.D.N.Y. Oct 1, 2007), 2007 WL 2914218, *6 (rejecting the argument that the Receiver's power to control the entities did not include the power to waive the entities' attorney-client or work product privileges).  However, in this case, the Receiver does not need to waive the privilege – nor can he before reviewing the documents -- because he is entitled to the documents as the holder of the privilege.[6]  *See MCC Mgmt. of Naples, Inc. v. Arnold & Porter LLP*, No. 2:07-CV-387-FtM-29SPC,  2008 U.S. Dist. Lexis 10644, *7 (M.D. Fla. Oct. 20, 2008) (noting the privilege belongs to the client, not the attorney).  No waiver is necessary for possession of the documents, and Reizes's argument is both obstructive and specious.

For similar reasons, work-product protection does not apply to Entity documents in Reizes's possession, custody, or control.  Under Federal law, work-product protection shields materials prepared by a party or its attorneys and agents in anticipation of litigation.  *See* Fed. R. Civ. P. 26(b)(3).  That protection, however, generally applies to the **the party**, which in this case is the Receiver.  Further, the immunity under Rule 26(b)(3) is qualified and any allegedly protected items are discoverable upon a sufficient showing of substantial need and undue hardship. *See Hickman v. Taylor,* 329 U.S. 495 (1947).

In this case, the documents are properly discoverable because either: a) they were created on behalf of the Entities in anticipation of litigation to which they were a party, in whose shoes the Receiver now stands; or b) Reizes is withholding them from the Receiver, who requires the documents to fully complete his court-appointed duties, and thus manifest need and hardship

---

[6] For these reasons, Reizes's argument that it can withhold documents because the Receiver did not indicate whether

justify production. As one Federal court recently held, because the Receiver "was authorized to take and retain immediate possession and control of" the Entities' "books, records, and documents" and exercise any appropriate rights as a result, he had the power to waive any privileges arising from his court-appointed powers. *See Shapiro*, 2007 WL 2914218, at *6. It necessarily follows from those rights and powers that the Receiver also has the right to possess such documents, without waiver of any privilege, as well.

Indeed, as detailed in the Receiver's motion (D.E.7), the documents requested are both relevant to the Receiver's duty and within the scope of discoverable information. To date, Reizes has failed to properly justify its failure to produce even a single document. The facts establish Reizes's objections are without merit, as the Receiver holds all applicable privileges on behalf of the Entities. Therefore, under the law, Reizes is required to produce all responsive documents to the Receiver in its possession, custody, or control.

**B. Documents generated or provided for purposes other than legal services cannot be withheld based on attorney-client or work product protection.**

While no basis exists to withhold privileged documents or work product, no privilege at all applies to documents Reizes holds for services it may have performed that were not legal services. The attorney-client privilege "applies to communications between lawyer and client, and, to come within the scope of the privilege, an attorney must show that the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance." *United States v. Ponder*, 475 F.2d 37, 39 (5th Cir. 1973).[7] The attorney-client privilege, "is, as a matter of law, construed narrowly." *See In re: Grand Jury Matter No.*

---

he has waived applicable privileges is also wrong. That is not a precondition to possession of Entity documents.
[7] In *Bonner v. City of Prichard*, 661 F. 2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided before October, 1, 1981.

8

**BROAD and CASSEL**

*91-01386*, 969 F. 2d 995, 997 (11th Cir. 1992); *Secs. & Exch. Comm'n. v. Dowdell*, No. 8:02-MC-940T-17TBM, 2006 WL 3876294, *4 (M.D. Fla. May 15, 2006).

Further, "an attorney who acts as his client's agent for receipt or disbursement to or from third parties is not giving legal advice, and thus records of such transactions, including trust account information, are generally not privileged." *Dowdell*, 2006 WL at *4. The privilege only protects confidential communications that are made between attorney and client for the purposes of seeking legal advice, or in furtherance of the lawyer's role as **attorney** for the client. *See Huffman v. United States,* No. 07-80736-Civ-Hurley/Hopkins, 2007 U.S. Dist Lexis 94076, *15-16 (S.D. Fla. Nov. 29, 2007). As a result, records of business transactions and other dealings that the attorney may have assisted with, because they are not confidential communications in furtherance of legal advice, are fully discoverable. *See id.* Thus, to the extent Reizes held or received funds on behalf of the Enitites, production of such documents is required because no privilege exists.

For the same reasons, documents prepared as part of an attorney's non-lawyer duties are not protected by work-product. The work-product protection applies to documents prepared in anticipation of litigation. *See* Fed. R. Civ. P 26(b)(3). If Reizes generated documents for purposes other than anticipated litigation – such as in connection with serving as escrow agent – Reizes cannot invoke work product to withhold such documents. Therefore, the Court should compel production of all such documents.

**C. Documents provided to third parties outside the attorney-client relationship are not protected from disclosure.**

Documents that Reizes provided to third parties cannot be withheld from the Receiver because attorney-client or work-product privilege only applies to communications intended to be confidential, and not documents shared with third parties. As a result, "if the client intends the

9

matters to be communicated to be made public or revealed to third persons, the matters are not confidential." *Dees v. Scott*, 347 So. 2d 475, 477 (Fla. 1st DCA 1977). Documents that either are created for disclosure to third parties, or are in fact disclosed to third parties, are subject to discovery because they are not "confidential," as required to invoke attorney-client or work-product protection. *See Jenney v. Airdata Wiman, Inc.*, 846 So. 2d. 664, 667 (Fla. 2d. DCA 2003) (drafts of an agreement that were shown to third parties are received for purposes of showing them to third parties, as well as correspondence, were not shielded from discovery).

In this case, documents Reizes provided to third parties, or authored with the intent to distribute to third parties, such as letters, invoices, pleadings, checks, contracts, agreements, or other documents, must be produced. There is no basis to withhold them, as they were not intended to be confidential. Further, as detailed above, the Receiver's control of the Entities means that he is entitled to discover them in any event, as part of his duties to the Appointing Court. Accordingly, the Court should compel Reizes to produce responsive documents, as no privilege applies to shield them from disclosure to the Receiver and they are necessary to the Receiver's investigation. Indeed, the Receiver respectfully submits that given the lengths to which Reizes has gone to avoid producing materials to which the Receiver is entitled, the Court should question what Reizes seeks to hide.

## II. REIZES'S OBJECTIONS FAIL AS A MATTER OF LAW.

### A. Reizes lacks standing to make objections based on the Entities' privilege.

This Court should reject Reizes's objections. As noted in the Receiver's Motion (D.E. 7), Reizes failed to admit with sufficient specificity the scope of any services provided to the Entities, much less whether such services were in furtherance of any purported role as the Entities' attorney. As discussed more fully in Section I, Reizes's objection based on its

10

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.   Miami, Florida 33131-1811   305.373.9400
MIA1\COMMLIT\405522.3

contention that responsive documents must be withheld because they were part of an attorney-client relationship lacks merit.  Because the Receiver stands in the shoes of the client, that argument should be rejected. The client, and not the attorney, owns the privilege and protection with regard to disclosure.  *See MCC Mgmt. of Naples, Inc*, 2008 U.S. Dist. Lexis 10644 at *7. As a result, Reizes lacks standing to assert the attorney-client privilege as an objection to production to the Receiver.

### B. Reizes cannot rely on general objections to justify withholding responsive documents.

Even assuming, *arguendo*, privileges apply to unspecified responsive documents in Reizes's possession – which they do not, as to the Receiver -- Reizes has not properly invoked the privilege, and therefore, the Court may conclude they are inapplicable.  The burden of proving a privilege applies is upon Reizes, the party seeking to withhold documents from discovery.  *See United States v. Ponder*, 475 F. 2d 37, 39 (5th Cir. 1973) (noting the taxpayer had failed to carry his burden of proving that these records fell within the attorney-client privilege."). Reizes has not provided the court with evidence or other information sufficient to refute the presumption that all responsive documents can only be: a) documents generated on behalf of the Entities, and therefore discoverable by the Receiver; b) documents created in connection with non-legal services, which are not privileged; or c) documents created for dissemination to third parties who are not within any privileged relationship, and therefore not confidential.

Reizes's argument that because Mr. Riezes is an attorney and Reizes is a law firm documents in its possession are privileged is without merit.  The rule in this Circuit has long been that "'[i]f documents are not privileged while in the hands of a party, he does not make them privileged by merely handing them to his counsel."  *Falsone v. United States*, 205 F.2d

734, 739 (5th Cir. Fla. 1953). *See also Jenney*, 846 So. 2d at 667 (noting that documents that are not otherwise privileged do not become privileged simply because they are given to an attorney).

Further, Reizes general objections are insufficient as a matter of law, and indeed, constitute improper **obstruction** of discovery. In response to the Receiver's subpoena, Reizes made a generalized privilege objection.[8] Objections c and d, which appear to invoke a privilege, fail as a matter of law. It is well-settled that a party asserting a privilege in response to discovery must provide sufficient facts or information upon which its opponent, and a reviewing court, can determine the basis of the privilege. *See* Fed. R. Civ. P. 45(d)(2). This is often accomplished by means of a privilege log, which Reizes did not provide, and consequently, Reizes' general privilege objection is insufficient. *See Univ. City Dev. Ptrs., Ltd. v. Ride & Show Eng'g., Inc.*, 230 F.R.D. 688, 698 (M.D. Fla. 2005) (noting deficiencies in a privilege log because it "does not sufficiently describe the documents withheld to enable the Court to assess the privilege claim."). Further, in this District, privilege logs – or an equivalent writing, sufficient to describe the documents withheld and the reasons for withholding them – are required. *See* S.D. Fla. Local R. 26.1.G.3(b).

As a member of the Bar of this District, who purportedly rendered services in this District, Reizes is aware of this requirement, and did not invoke it. Only one conclusion follows: there was no reason to, as no privilege or protection from disclosure applies. As a result, the Court should compel production because Reizes failed to meet its burden with regard to withholding responsive documents.

---

[8] As noted earlier in this memorandum, and will be addressed in the Receiver's reply memorandum, Reizes recent "response" is insufficient to cure its willful obstruction of the Receiver's discovery.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400
MIA1\COMMLIT\405522.3

### III.     CONCLUSION

Based on the foregoing, and the reasons noted in the Receiver's Motion (D.E. 7), the Receiver requests the Court enter an order requiring the production of all documents requested in the Subpoena on an expedited basis in conjunction with the Receivership Order which appointed Mr. Newman, and for sanctions of fees and costs against Reizes, pursuant to its inherent powers and for contempt in response to a subpoena, because Reizes's objections were not made in good faith, are without any substantial basis under governing law, and constitute nothing more than an attempt to delay and hinder the Receiver from carrying out his responsibilities.

Respectfully submitted,

BROAD AND CASSEL
/s Jeffrey R. Geldens
Jeffrey R. Geldens
Florida Bar No. 673986
JGeldens@BroadandCassel.com
21st Floor, One Biscayne Tower
2 South Biscayne Boulevard
Miami, FL 33131
305.373.9400
305.373.9443 (Facsimile)
*Counsel for Receiver Daniel Newman*

## CERTIFICATE OF SERVICE

   I hereby certify that on April 7, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.


/s Jeffrey R. Geldens
Jeffrey R. Geldens

## SERVICE LIST

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MISC. CASE NO.  09-80135-MC-HURLEY/HOPKINS

**Via CM/ECF**:

Leslie N. Reizes
Attorney for Non-Party Movant
1200 S. Federal Highway, Suite 301
Boynton Beach, FL 33435
Tel: 561.736.2600
Fax: 561.736.2700
Reizes@BellSouth.Net

Daniel S. Newman, Receiver
Broad and Cassel
21st Floor, One Biscayne Tower
2 South Biscayne Boulevard
Miami, FL 33131
Tel: 305.373.9400
Fax: 305.373.9443

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd.  Miami, Florida  33131-1811   305.373.9400
MIA1\COMMLIT\405522.3